# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| TERRI DUNLAP, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.  16-01060-CV-W-RK |
| | ) | |
| GENERAL MOTORS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER (1) DENYING DEFENDANT'S MOTION TO TO STAY, (2) DENYING PLAINTIFFS' MOTON TO REMAND, AND (3) DIRECTING THE PARTIES TO BRIEF ISSUES RELATED TO THE COURT'S JURISDICTION

This case was removed from state court in September 2016.  Thereafter, Plaintiffs filed a Motion to Remand.  (Doc. 7.)  Defendant (also referred to as "New GM") responded to the Motion to Remand (doc. 15) and separately filed a Motion to Stay (doc. 13).  Both motions are fully briefed.  The Court now **DENIES** the Motion to Stay, and further **DENIES** the Motion to Remand.  The Court also directs the parties to brief issues related to the Court's jurisdiction.

### Background

In June 2009, Motors Liquidation Corporation, f/k/a General Motors Corporation, ("Old GM"), filed a petition for bankruptcy relief in the United States Bankruptcy Court for the Southern District of New York.  The following month, the Bankruptcy Court approved the sale of substantially all of Old GM's assets to Defendant.[1]  According to Defendant, "[t]he sale of assets was free and clear of all liens, claims, and encumbrances, except for certain limited exceptions."  (Doc. 1, ¶ 10.)  Nonetheless, many suits were filed against Defendant, alleging injuries caused by defective ignition switches on vehicles sold by both Old GM and Defendant. Accordingly, in June 2014, the Judicial Panel on Multidistrict Litigation, ("the Panel"), issued a transfer order creating Multidistrict Litigation 2543, *In re General Motors LLC Ignition Switch Litigation* ("the MDL").

---

[1] The Bankruptcy Court's Order actually states that the assets were sold to "NGMCO, Inc., a Delaware limited liability company."  (Doc. 1-3.)  However, the parties seem to agree that Defendant either is NGMCO, or that Defendant obtained Old GM's assets from NGMCO.  The parties do not address this issue, so the Court will not dwell on it.

Plaintiffs filed this suit in the Circuit Court of Jackson County, Missouri, on August 25, 2016.  The suit consists of approximately eighty-five plaintiffs.  The details of Plaintiffs' claims are not important for purposes of considering the pending motions.  In summary, Plaintiffs purchased various vehicles sold by either Old GM or Defendant, and they assert personal injury claims caused by allegedly faulty ignition switches.

Defendant was served on August 30.  On September 6, Plaintiffs filed an Amended Petition in state court; however, Plaintiffs did not serve the Amended Petition on Defendant. Apparently unaware of the Amended Petition, Defendant filed a Notice of Removal on September 29 that purported to remove the original Petition.  The Notice of Removal alleges that jurisdiction exists pursuant to 28 U.S.C. § 1334, because Plaintiffs' claims are related to Old GM's bankruptcy.  (Doc. 1, ¶ 8.)[2]

On October 4, Defendant filed a Notice with the Panel, advising that this case appeared to be related to the MDL.  The next day, the Panel issued a Conditional Transfer Order, ("CTO"), conditionally transferring this case to the MDL.  Plaintiffs objected to the CTO, which stayed the transfer until the Panel rules on Plaintiffs' objections.  The Panel is scheduled to entertain argument on Plaintiffs' objection at its hearing session on January 26, 2017.[3]

Plaintiffs filed their Motion to Remand on October 20; as discussed below in Part I.A.1, Plaintiffs primarily contend that Defendant's attempted removal is defective because it did not purport to remove the Amended Petition.  Defendant's response addresses this argument, and also suggests the Court should refrain from ruling on Plaintiffs' motion until the Panel rules on the Plaintiffs' objection to the CTO because the matter might be best decided by the MDL. Defendant's separate Motion to Stay presents the same argument in greater detail.  As discussed more fully below, the Court denies both motions.

---

[2] The Notice of Removal also alleges jurisdiction exists under the general federal question statute, 28 U.S.C. § 1331, but Plaintiffs have not alleged a federal cause of action and Defendant has not suggested that Plaintiffs' claims (as opposed to Defendant's defenses) raise a federal issue.  *See Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013).

[3] The Panel announced its January 2017 schedule on December 15, and Plaintiffs' challenge to the CTO is included thereon.  *See*  http://www.jpml.uscourts.gov/sites/jpml/files/Hearing_Order-1-26-2017.pdf  (last visited December 19, 2016).

## Discussion

### I.    Defendant's Motion to Stay

#### A.    The Appropriate Standard

The Court has the inherent discretion to stay proceedings, particularly when necessary to manage its docket and coordinate with litigation pending in other forums. *E.g., Lunde v. Helms,* 898 F.2d 1343, 1345 (8th Cir. 1990). The Panel's Rules are designed to maintain this flexibility. For instance, Rule 2.1 (formerly Rule 1.5) provides that "[t]he pendency of a . . . conditional transfer order . . . does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." Thus, although the Court has the power to issue rulings while objections to the CTO are pending, the Court also is not obligated to do so. And, there is no doubt that this flexibility applies specifically to motions to remand that are filed before the case is transferred. As the Panel noted when discussing Rule 2.1's predecessor, "those courts wishing to address such motions [to remand] have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of . . . transfer . . . can continue without any unnecessary interruption or delay." *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

In deciding whether to grant Defendant's motion, the Court must first ascertain exactly what Defendant seeks to have stayed. Defendant's argument focuses on the Motion to Remand, contending that it raises issues that are likely to be presented to the MDL. Defendant mentions, but does not focus on, the wisdom of staying all proceedings (including discovery) pending the Panel's decision. In addition, the parties have already reached certain agreements regarding the processing of this case. (*See* Doc. 18.) For these reasons, the Court construes Defendant's request as asking the Court to stay its consideration of the Motion to Remand and allow it to be decided by the MDL (assuming, of course, that the Panel overrules Plaintiffs' objections to the CTO).

With that understanding in place, the Court next considers whether the Motion to Remand should be resolved now or if it should be reserved for possible resolution by the MDL. The parties have provided a multitude of decisions from other courts, some of which have resolved pending motions to remand and some of which have stayed the motion for resolution by the MDL. The Court does not find the *outcome* of these cases particularly helpful: as should be

expected, district courts have not been unanimous in the exercise of their discretion, and the exercise of discretion depends greatly on the particulars of the case.  Of more assistance has been the factors other courts consider in deciding whether to stay the matter.  The majority of courts apply the analysis set forth in *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044 (E.D. Wis. 2001), and the Court finds that court's analytical framework to be persuasive because it appropriately balances (1) the judicial economies that underlie the MDL and (2) appropriate consideration of matters related to jurisdiction and removal.[4]  Under the *Meyers* test, the Court first makes a preliminary assessment to determine whether the issue presented in the Motion to Remand is easily resolved.  The Court then considers whether the issues raised are likely to arise in the MDL.  "Only if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred should the court proceed to the third step and consider the motion to stay."  *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001).

### 1.      Identification of Issues Raised in Plaintiffs' Motion to Remand

Applying the *Meyers* test requires ascertaining Plaintiffs' arguments for remand. Plaintiffs' principal argument is that Defendant's removal is procedurally defective because it purported to remove the original Petition and did not attempt to remove the Amended Petition. Plaintiffs introduce their argument by describing Defendant as having "removed this case based on a dead pleading.  As such, the removal is void on its face."  (Doc. 8 at 1.)  Later, in response to Defendant's opposition, Plaintiffs contend that "[i]f new GM wishes to seek removal at a later time under the First Amended Petition, it is free to do so, but the current attempt at removal is improper."  (Doc. 17 at 2.)  These contentions are among many that persuade the Court that Plaintiffs' focus is on an alleged procedural error: that Defendant's removal was improper because it sought to remove the original Petition and not the Amended Petition.

The Court is mindful that the parties have also mentioned jurisdictional (as opposed to procedural) issues.  However, the parties' discussion is insufficiently clear to permit meaningful analysis of the Court's jurisdiction.  For instance, it is not always clear whether the pleading being analyzed is the original Petition or the Amended Petition.  Moreover, the jurisdictional

---

[4] While Plaintiffs do not raise the argument, the Court does not agree with those courts that have held a case can never be stayed if a motion to remand is pending; the purpose of the stay is to coordinate which federal court will resolve the matter and promote judicial economy, and is not an attempt to shirk the federal courts' obligation to independently evaluate jurisdiction.  *See, e.g., Werner v. Eich Motor Co., Inc.,* 2016 WL 3024053, at *2 (D. Minn. May 25, 2016); *Meyers*, 143 F. Supp. 2d at 1046-47.  The Court also does not agree that the matter should be automatically stayed.

discussion has been advanced in broad generalities (probably because the focal point of Plaintiffs' motion is the procedural issue), and does not fully address the jurisdictional issues.

For these reasons, the Court construes Plaintiffs' Motion to Remand as raising only a procedural argument, and not a jurisdictional argument. The jurisdictional issues will be discussed in Part III of this Order.

### 2.    Application of *Meyers* to Plaintiffs' Motion to Remand

Application of *Meyers* to Plaintiffs' Motion to Remand demonstrates that Defendant's Motion to Stay should be denied. First, the alleged procedural irregularity is not difficult to resolve. Second, and more importantly, the issue raised by the Motion to Remand is unlikely to be an issue in any other cases assigned to the MDL. Unlike the broader issue of subject matter jurisdiction for cases asserting claims in the aftermath of Old GM's bankruptcy, Defendant's compliance with the removal statutes depends on the sequence of events in this case—and the Court has no reason to think the same sequence of events occurred in any other case assigned to the MDL. Therefore, there is no judicial economy to be obtained by reserving this unique issue raised by the Motion to Remand for resolution by the MDL.

## II.    Plaintiffs' Motion to Remand

Having (1) clarified the issue raised by Plaintiffs' Motion to Remand and (2) concluded that the Court should not reserve this issue for possible resolution by the MDL, the Court now addresses Plaintiffs' argument that Defendant removed the "wrong" pleading. The Court concludes there was no procedural error and the case was properly removed.

28 U.S.C. § 1446(a) requires that a Notice of Removal "contain[ ] a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." There is no dispute that Defendant's Notice of Removal included a copy of all pleadings that had been served on it. This, then, should end the issue.

Plaintiffs insists that they had the right to file an Amended Petition without leave of the state court, and that having done so, the Amended Petition supplanted the original Petition and rendered it a nullity. This contention may be correct,[5] but it does not resolve the propriety of

---

[5] The Court notes that there is some reason to doubt the breadth of Plaintiffs' argument. In *Diekmann v. Associates Discount Corp.*, 410 S.W.2d 695 (Mo. Ct. App. 1966), the plaintiffs served the defendants with the petition. Two defendants filed answers, but one did not. The plaintiffs then filed an amended petition, but did not serve the amended petition on the defendant who did not answer. Thereafter, the plaintiffs dismissed the answering

Defendant's removal.  Plaintiffs do not dispute that they failed to serve Defendant with the Amended Petition as required by Missouri Rule 43.01 before Defendant removed the case.  This is critical, because § 1446(a) required Defendant to attach the documents that were served, not the documents that were filed but not served.  The Court concludes that Defendant's Notice of Removal complied with the procedural requirements of § 1446, so the Motion to Remand must be denied.

## III.    Jurisdictional Matters

While the Court concludes the removal procedures were followed, there obviously remains a significant question regarding the Court's subject matter jurisdiction.  The Court has an independent obligation to confirm that jurisdiction exists, *e.g., Reece v. Bank of New York Mellon*, 760 F.3d 771, 777-78 (8th Cir. 2014), and the parties will be required to discuss this issue further so that it can be resolved.

To guide the parties, the Court resolves some preliminary issues.  First and foremost, the parties must address whether the Amended Petition presents one or more claims within the Court's jurisdiction.  While Defendant's removal was predicated on the original Petition, and while that removal was procedurally proper, the operative pleading is the Amended Petition.  Even if the Amended Petition was not served before the case was removed, it has been served since then.  Moreover, even if Plaintiffs had not filed the Amended Petition before the case was removed, they could have filed the amended pleading after the case was removed without leave of court.  FED. R. CIV. P. 15(a)(1).  The outcome is the same regardless of the timing of Plaintiffs' amendment, and the critical question is whether the amended pleading bestows jurisdiction on the federal court.

The Court also rejects Defendant's intimation that the Court has jurisdiction so long as there was jurisdiction over the original Petition, regardless of the Amended Petition's contents.  Assuming for the sake of argument that the Court had jurisdiction over the original Petition, it was because there was at least one claim "related to" Old GM's bankruptcy within the meaning of 28 U.S.C. § 1334.  If there were any claims that were not related to Old GM's bankruptcy within the meaning of § 1334, then the Court would likely have had supplemental jurisdiction

---

defendants and obtained a default judgment against the non-answering defendant, based on the amended petition. The Missouri Court of Appeals affirmed the trial court's order setting aside the default judgment, ruling that the amended petition was ineffective because it was not served on the non-answering defendant.

over such claims.  28 U.S.C. § 1367.  However, if the filing of the Amended Petition "removed" all claims related to Old GM's bankruptcy, the Court must consider whether it should retain jurisdiction over the case.  *E.g., Am. Civil Liberties Union v. City of Florissant,* 186 F.3d 1095, 1098-99 (8th Cir. 1999).  Accordingly, the issue that must be addressed is whether there is subject matter jurisdiction over the Amended Petition.

Defendant invoked this Court's jurisdiction, so Defendant bears the burden of demonstrating that federal jurisdiction exists.  *E.g., Baker v. Martin Marietta Materials, Inc.,* 745 F.3d 919, 923 (8th Cir. 2014).  Therefore, Defendant shall file the first brief and specifically explain why the Court has jurisdiction over the Amended Petition.  In so doing, Defendant must identify the claims over which the Court has jurisdiction under 28 U.S.C. § 1334.   The Court recognizes this may be difficult given the wide variations in each plaintiff's situation; the endeavor may be aided by considering the "subsets" of claims Plaintiffs identify in their Reply Suggestions.  (*See* Doc. 3 at 2-3.)  Regardless, Defendant must specify the plaintiffs—either by name, category, or some other descriptor—whose claims they assert are related to Old GM's bankruptcy as described in § 1334, and explain the reasons for its position.  Finally, Defendant should address the mandatory abstention provision of § 1334(c)(2) and explain why it does not apply.  In the course of discussing this issue Defendant should differentiate *Luan Investment S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.)*, 304 F.3d 223 (2d Cir. 2002) and *Wilshire Courtyard v. California Franchise Tax Bd. (In re Wilshire Courtyard)*, 729 F.3d 1279 (9th Cir. 2013) from *Liberty Mut. Ins. Co v. Lone Star Indus.*, 313 B.R. 9 (2004) and *Mt. McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436 (2d Cir. 2005) (which arguably limits, or at least differentiates, *Luan Investment S.E.*).[6]

---

[6] The Court's ruling should not be interpreted as indicating whether it will resolve the jurisdictional issue or reserve it for possible resolution by the MDL.  That is an issue that can be considered, if necessary, once the parties' briefs have been submitted.  Further briefing is required regardless of which court ultimately resolves the issue.  However, the parties should not further discuss whether the jurisdictional issue should be decided by this Court or the MDL.  The matter has been addressed sufficiently and the Court requires no further argument.  The Court prefers that the parties focus exclusively on the jurisdictional issue.

## Conclusion

For the foregoing reasons,

1.      Defendant's Motion to Stay, (Doc. 13), is **DENIED**;

2.      Plaintiffs' Motion to Remand, (Doc. 7), is **DENIED**; and

3.      The parties shall file briefs addressing the Court's jurisdiction.  Defendant's brief shall be filed on or before January 27, 2017.  Plaintiffs shall have twenty-one days to respond to Defendant's brief, and Defendant shall have fourteen days thereafter to file a reply.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  December 21, 2016